PEOPLE *v.* WALTON

CRIMINAL LAW—SENTENCE—DISCRETION.

> A sentence which is within the maximum set by statute will not be reviewed on appeal unless the sentencing court clearly abused its discretion in setting a minimum sentence, and an indeterminate sentence of 7–1/2 to 10 years is not an abuse of discretion.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J.  Submitted Division 1 November 17, 1970, at Grand Rapids.  (Docket No. 9846.) Decided December 8, 1970.

Ernest Earl Walton was convicted, on his plea of guilty, of larceny from a person.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas R. Lewis,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and FITZGERALD, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 533, 572.

PER CURIAM. The people move to affirm (GCR 1963, 817.5[3]) defendant's conviction, on plea of guilty, of larceny from a person, contrary to MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

On appeal, defendant, a 20-year-old first offender at the time of this conviction, contends that the 7–1/2 to 10 year sentence imposed by the court violates the indeterminate sentence law, MCLA § 769.8 (Stat Ann 1954 Rev § 28.1080).

This Court will not review a sentence which is within the maximum provided by statute, except in a clear case where the court has failed to exercise sound judicial discretion in setting a minimum sentence. *People* v. *Lessard* (1970), 22 Mich App 342. We find no abuse of discretion in this case. Certainly the sentence in this case, unlike the sentence in *Lessard,* permits the parole board to exercise its statutory discretion.

Motion to affirm is granted.